# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **Marqueth Wilson,** | **CASE NO. 1:18 CV 1606** |
| **Plaintiff,** | **JUDGE PATRICIA A. GAUGHAN** |
| v. | |
| **The Sherwin Williams Company,** | **Memorandum of Opinion and Order** |
| **Defendant.** | |

## INTRODUCTION

This matter is before the Court upon the Complaint of Plaintiff Marqueth Wilson ("Plaintiff") against Defendant Sherwin Williams Company ("Defendant"). Doc. 1. Plaintiff is a resident of the State of Texas,[1] and states that Defendant's principal place of business is located in Cleveland, Ohio. He claims both federal question (28 U.S.C. § 1331) and diversity[2] (28 U.S.C. § 1332) as the bases for the Court's jurisdiction. *Id*. at 1-2.

For the reasons that follow, this case is DISMISSED.

---

[1] Plaintiff is presently incarcerated in a Texas prison.

[2] Plaintiff claims that he suffered a monetary loss of $5,000.00, and approximately $90,000.00 in anticipated profits as a result of Defendant's alleged wrongdoing. Doc. 1 at 3, 5. For the purpose of this analysis, the Court will assume that the minimum jurisdictional amount of $75,000.00 is satisfied in this case. 28 U.S.C. § 1332(a).

**BACKGROUND**

According to the Complaint, Plaintiff submitted a bid in 2016 to the North Texas Tollway Authority ("NTTA") for a painting and wall coverings project (the "Project"). Painting supplies were to be obtained from Defendant. *Id*. at 2. Plaintiff states he told Defendant that he did not have the financial ability to purchase the painting supplies necessary for the Project, but Defendant agreed to provide the necessary supplies upon the execution of a "Third-Party Joint Check Agreement" among Plaintiff, Defendant, and Ferriera Holdings Group ("FHG"). *Id*. at 8. Plaintiff describes FHG both as a "general contractor" and as a "surety." *See id*. at 2, 4. Plaintiff repeatedly states in the Complaint that he "spoke with," requested, and emphasized to Defendant that Defendant should speak only to him about the Project – not FHG or NTTA – and Defendant agreed. *See id*. at 2, 3, 4, 8, 9, 10. According to the Complaint, the reason for this request was that direct contact by Defendant with NTTA or FHG "would likely reveal the inability of Plaintiff to provide materials . . . without a draw or advance on payment" and, if it "got out that Plaintiff could not provide start-up materials he would likely lose the contract." *Id.* at 8. The arrangement with Defendant as described by Plaintiff was that Defendant would provide Plaintiff with "whatever" supplies he requested, FHG would pay Defendant for the supplies, then Defendant would deduct its "materials costs" and pay the difference to Plaintiff. *Id*. Plaintiff avers that it was not necessary for Defendant to discuss the Project with FHG because FHG "was only required as surety that there was indeed a contract involving [Plaintiff] and FHG and NTTA and that the Sherwin Williams Company would be paid." *Id*. at 4.

Plaintiff claims that notwithstanding his repeated requests and Defendant's alleged agreement to speak only with him, Defendant contacted FHG directly about the Project which

resulted in a renegotiation of the cost for painting supplies, and had the effect of reducing Plaintiff's profit and ultimately leaving him unable to supply materials for the Project. *Id*. at 3, 5, 9, 10.

Based on these facts, Plaintiff alleges causes of action against Defendant for negligence, tortious interference with business relationship, deceptive trade practices, and breach of contract under Texas law, and discrimination. He seeks $1.2 million dollars in actual damages, $250,000.00 in exemplary damages, and a total of $350,000.00 for violation of Texas' Deceptive Trade Practices Act, tortious interference with a business relationship, negligence, and breach of contract. Lastly, Plaintiff seeks $1.2 million dollars for discrimination. *Id*. at 12.

## **DISCUSSION**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, lacks an arguable basis in law or fact, or seeks monetary relief against a defendant who is immune from such relief. *Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised upon an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

The dismissal standard for Fed. R. Civ. P. 12(b)(6) articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) governs dismissal for failure to state a

claim under § 1915(e)(2)(B). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). A cause of action fails to state a claim upon which relief may be granted when it lacks plausibility in the complaint. *Twombly*, 550 U.S. at 564.

A plausible pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 677-78. The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. Plaintiff is not required to include detailed factual allegations, but must provide more than an unadorned, the defendant-unlawfully-harmed-me accusation. *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action does not meet this pleading standard. *Id*.

When reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998) (citing *Sistrunk,* 99 F.3d at 197). That said, the courts are not required to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

**Texas State Law Claims**

Plaintiff asserts four causes of action against Defendant for alleged violations of the following Texas law:[3] (1) Deceptive Trade Practices Act (DTPA) (Tex. Bus. & Com. Code § 17.46), (2) tortious interference with business relationship, (3) negligence, and (4) breach of contract. Plaintiff's claims are based entirely upon Defendant's direct contact with FHG about painting supplies for the Project and the alleged resulting price changes which Plaintiff claims injured him financially. Doc. 1 at 3.

In the Complaint, Plaintiff extensively discusses the elements of his Texas state law claims. But instead of advancing factual allegations which, if believed, state plausible claims for relief under Texas law, Plaintiff simply asserts in conclusory fashion that Defendant's contact with FHG, and the alleged consequences, violated Texas law. The Court is not bound, however, to accept Plaintiff's legal conclusions couched as factual allegations. *Twombly*, 550 U.S at 556. Beyond these conclusory allegations, Plaintiff does not allege facts from which the Court can reasonably infer that Plaintiff states plausible claims for relief under Texas law.

---

[3] A federal court sitting in diversity applies the choice of law rules of the forum state regarding the application of substantive law. *Johnson v. Ventra Grp., Inc.,* 191 F.3d 732, 738 (6th Cir. 1999). "Ohio courts apply the principles in the Restatement (Second) of Conflict of Laws, directing courts to apply the law of the state with the most significant contacts to the dispute." *Newberry v. Silverman*, 789 F.3d 636, 643 (6th Cir. 2015) (internal quotation marks and citation omitted). Under § 187(2) of the Restatement (Second) of Conflict of Laws, the law of the state chosen by the parties to a contract generally will be enforced, unless "[t]he chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice," or unless the "application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue[.]" *Johnson.,* 191 F.3d at 739 (quoting Restatement (Second) of Conflict of Laws § 187(2)). Here, there are no allegations in the Complaint concerning a contractual choice of law provision, and Texas – not Ohio –has the most significant contacts to Plaintiff's claims.

### *Plaintiff fails to state a breach of contract claim*

For example, Plaintiff fails to allege facts from which the Court can infer that Plaintiff has stated a plausible claim for breach of contract under Texas law.[4] To begin, Plaintiff fails to allege facts that plausibly support the existence of a valid contract – the first element in a breach of contract claim – with respect to his alleged agreement with Defendant not to contact FHG directly and/or the pricing of his painting supplies for the Project, or with respect to any contract with the NTTA or FHG. *See Coachmen Indus., Inc. v. Willis of Illinois, Inc.*, 565 F. Supp. 2d 755, 766 (S.D. Tex. 2008) (The following elements must be present for the formation of a valid contract under Texas law: 1) an offer, 2) acceptance in strict compliance with the terms of the offer, 3) a meeting of the minds, 4) each party's consent to the terms, and 5) execution and delivery of the contract with the intent that it be mutual and binding; consideration is also a "fundamental element" of every contract.) (citations omitted). Given that Plaintiff has failed to allege facts from which the Court could reasonably infer the existence of valid oral or written contracts, Plaintiff fails to state a plausible claim against Defendant for relief for breach of contract.

---

[4] Under Texas law, "the elements of a breach of contract claim are: "'(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages to the plaintiff resulting from the breach.'" *Am. Gen. Life Ins. Co. v. Vega*, No. CV H-11-1720, 2012 WL 13042660, at *5 (S.D. Tex. Dec. 12, 2012) (citation omitted).

### *Plaintiff fails to state a DTPA claim*

With respect to his DTPA claim,[5] Plaintiff generally avers that Defendant "knowingly and intentionally violate[d] at least one or more provisions of Section 17.46 [of the] DTPA by failing, refusing, or neglecting to abide by the agreements made between Plaintiff and Defendant." Doc. 1 at 3. It is not clear to which "agreements" Plaintiff refers or which provisions of the DTPA were violated. While Plaintiff's *pro se* Complaint must be liberally construed, the Court is not required to conjure unpleaded facts or construct claims on Plaintiff's behalf. *See Grinter*, 532 F.3d at 577.

Plaintiff does specifically claim that Defendant's original pricing for painting supplies was false and misleading under the DPTA because, after contacting FHG, Defendant modified its pricing to Plaintiff by lowering the price on some materials and raising the price on others and, if Plaintiff had known pricing would be changed in this manner, he would not have entered into the "agreement." Doc. 1 at 3, 4, 5. Under the DTPA, it is false and misleading to advertise goods and services with the intent not to sell them as advertised (§ 17.46(b)(9)), or to fail to disclose information known at the time of the transaction in order to induce entry into the transaction (§ 17.46(b)(24)).

Even assuming that Plaintiff is a consumer for purposes of the DTPA, and that DTPA §§ 17.46(b)(9) and (24) are applicable to Plaintiff's procurement of painting supplies from the

---

[5] The elements of a DTPA claim are: "(1) the plaintiff is a consumer, (2) the defendant engaged in false, misleading, or deceptive acts, and (3) these acts constituted a producing cause of the consumer's damages." *Fowler v. U.S. Bank, Nat. Ass'n*, 2 F. Supp. 3d 965, 974 (S.D. Tex. 2014) (internal quotation marks and citations omitted). Plaintiff alleges that Defendant engaged in false, misleading, and deceptive behavior as identified in Tex. Bus. & Com. Code § 17.46(b). Doc. 1 at 4.

Defendant for the Project, Plaintiff's conclusory statement that Defendant "intentionally"[6] changed its original pricing is insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678. There are no allegations in the Complaint from which the Court can infer that, when Defendant provided original pricing for the Project, it did not intend to sell painting supplies to Plaintiff at those prices. *See e.g. Mid-Cities Bone & Joint Surgeons, P.A. v. GE Healthcare Diagnostic Imaging*, No. 4:06-CV-689-Y, 2008 WL 11429502, at *3 (N.D. Tex. Sept. 22, 2008) ("The primary purpose of [§ 17.46(b)(9)] 'is the prevention of 'bait advertising,' a practice by which a seller seeks to attract customers through advertising products at low prices which he does not intend to sell in more than nominal amounts.'") (quoting *Smith v. Baldwin*, 611 S.W. 2d 611, 615 (Tex. 1980)); *Skyy v. Capital One, N.A.*, No. 4:16-CV-002-A, 2016 WL 3181144, at *2 (N.D. Tex. June 3, 2016) (A § 17.46(b)(24) violation involves failure to disclose information "known at the time of the transaction" if such failure was intended to induce the consumer to enter the transaction.).

To the extent that the DTPA even applies to Defendant's alleged agreement not to contact anyone but Plaintiff about the Project, there are no allegations in the Complaint from which the Court can infer that Defendant intended to contact FHG at the time it purportedly agreed otherwise.

Plaintiff fails to state a plausible claim for relief under the DTPA.

### *Plaintiff fails to state a negligence claim*

Plaintiff claims that Defendant was negligent because "no reasonably prudent person" would have spoken to FHG about the Project instead of speaking to Plaintiff. Doc. 1 at 11. But

---

[6] *See* Doc. 1 at 3.

the first element of a negligence claim under Texas law[7] is the existence of a legal duty. Plaintiff alleges no facts from which the Court can infer that Defendant owed Plaintiff a legal duty not to speak directly with FHG, whom Plaintiff states had a contract with Defendant to act as a surety for the painting supplies Defendant would provide Plaintiff for the Project. Plaintiff fails to state a plausible claim for relief for negligence.

### *Plaintiff fails to state a tortious interference claim*

With respect to his claim for tortious interference with a business relationship,[8] Plaintiff asserts in conclusory fashion that by contacting FHG and modifying Plaintiff's pricing for painting supplies, Defendant acted without justification or excuse, with intent to harm Plaintiff, and was motivated by malice. *See* Doc. 1 at 6-10. While Plaintiff frames these legal conclusions as factual allegations, he does not actually provide a factual basis from which the Court could infer that Defendant contacted FHG without justification, and with intent to harm Plaintiff motivated by malice. Plaintiff fails to state a plausible claim for tortious interference under Texas law.

Plaintiff's Complaint with respect to his state law claims consists of reciting the elements for each cause of action, and then stating in conclusory fashion that Defendant's contact with FHG, and Project pricing changes, violated Texas law. But a simple recitation of the elements of a cause of a cause of action, and legal conclusions framed as factual allegations,

---

[7] The elements of a negligence claim under Texas law are the existence of a legal duty owed by Defendant to Plaintiff, a breach of that duty, and injury proximately resulting from the breach. *McDorman ex rel. Connelly v. Texas-Cola Leasing Co. LP, LLP*, 288 F. Supp. 2d 796, 804 (N.D. Tex. 2003) (citation omitted).

[8] In order to prevail on a claim against Defendant for tortious interference with an existing business relationship, Plaintiff must show that Defendant engaged in "(1) unlawful actions undertaken without justification or excuse; (2) with intent to harm; (3) actual damages; and (4) the actions were motivated by malice." *McGowan & Co. v. Bogan*, 93 F. Supp. 3d 624, 655 (S.D. Tex. 2015) (internal quotation marks and citation omitted).

are insufficient to state a plausible claim for relief. *Twombly,* 550 US. at 555. Plaintiff's state law claims are dismissed pursuant to § 1915(e).

### **Discrimination Claim**

With respect to his discrimination claim, Plaintiff makes a single allegation in the Complaint that Defendant stated: "A Black man has no business with a contract of that size and magnitude!" Doc. 1 at 11. Plaintiff does not allege any context for the statement, such as who made the statement, when, where, to whom, about whom, or to which contract the statement is directed (the Complaint refers to multiple "agreements"). Nor does he state the legal basis for his discrimination claim – Title VII, 42 U.S.C. 1981, Texas law, etc. The Court is not required to conjure unpleaded facts or construct claims on Plaintiff's behalf. *See Grinter*, 532 F.3d at 577.

This single allegation of one statement, completely devoid of context, is insufficient to state a plausible claim for relief under any legal theory for discrimination. *See e.g. Das v. Ohio State Univ.*, 57 F. App'x 675, 678-79 (6th Cir. 2003) (isolated remark by a company agent not related to the decision-making process or made proximate to the alleged adverse employment action is insufficient to constitute direct evidence of outlawed employment discrimination) (citation omitted); *Peavey v. Univ. of Louisville*, 834 F. Supp. 2d 620, 626 (W.D. Ky. 2011) (single remark that plaintiff had problems with patients because she was black and did not understand how things were done in the South is insufficient to support a finding of direct discrimination) (citing *Hall v. Mich. State Police Dep't*, 290 F. App'x 913, 917 (6th Cir. 2008) (isolated and ambiguous comments are insufficient to support a finding of direct discrimination)).

Plaintiff's out-of-context single allegation of race discrimination does not support a plausible claim of direct discrimination, nor does it state a plausible claim for inferential discrimination under the *McDonnell Douglas/Burdine* burden-shifting framework. *See Peavey*, 834 F. Supp. 2d at 626 (In the absence of direct evidence of intentional discrimination, plaintiff may show discrimination through the *McDonnell Douglas/Burdine* framework.) (citing *McDonnell Douglas v. Green,* 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973), *Texas Dep't of Comm. Affairs v. Burdine,* 450 U.S. 248, 101 S. Ct. 1089, 67 L. Ed. 2d 207 (1981), and *Amini v. Oberlin Coll.*, 440 F.3d 350, 358 (6th Cir. 2006)). This burden-shifting framework applies whether Plaintiff brings his discrimination claim under Title VII, 42 U.S.C. § 1981, or Texas law. *See Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582 (6th Cir. 1992) (*McDonnell Douglas/Burdine* formula applies to Title VII claims and to claims under 42 U.S.C. § 1981) (citations omitted); *Collins-Pearcy v. Mediterranean Shipping Co. (USA) Inc.*, 698 F. Supp. 2d 730, 753 (S.D. Tex. 2010) (citing among authority *Russo v. Smith Int'l,* 93 S.W.3d 428, 434 (Texas. App. Houston 2002) ("Texas courts invoke *McDonnell Douglas* in employment discrimination cases brought under state law.")). There are no allegations in the Complaint from which the Court can infer that Plaintiff states a plausible discrimination claim under the *McDonnell Douglas/Burdine* burden shifting framework.

Plaintiff fails to state a plausible race discrimination claim under federal or Texas law, and that claim is dismissed pursuant to § 1915(e).

**CONCLUSION**

For all of the foregoing reasons, this case is dismissed pursuant to 28 U.S.C. § 1915(e). Plaintiff's motion for service in this case is moot, and denied as such. Doc. 5.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                                  /s/ Patricia A. Gaughan
                                                  PATRICIA A. GAUGHAN
                                                  United States District Judge
                                                  Chief Judge

Dated: 12/6/18